UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
YIFEI XU,

          Plaintiff

-against-

THE CITY OF NEW YORK

THE NEW YORK CITY POLICE DEPARTMENT

POLICE OFFICER JOSEPH BOZZO, in his official capacity as a New York City Police Officer and as an individual.

POLICE SERGEANT NICHOLAS GULOTTA, in his official capacity as a New York City Police Officer and as an individual; and

JOHN DOE 1, in his official capacity as a New York City Police Officer and as an individual

          Defendants.
-----------------------------------------------------------------------x

Index No.

**COMPLAINT**

Jury Trial Demanded

## NATURE OF ACTION

1. This civil rights action arises from the New York City Police Department's ("NYPD") wrongful arrest of Yifei Xu, a citizen of the People's Republic of China, who is a university student in Pennsylvania under a F-1 non-immigrant student visa. Police arrested Xu for possessing a Pennsylvania learner's permit that they falsely claimed was forged.

2. Police Officer Jospeh Bozzo signed a criminal complaint under the penalty of perjury that falsely charged Xu with Criminal Possession of a Forged Instrument in the Third Degree, in violation of Penal Law § 170.20. The complaint states that "I examined the [Pennsylvania Lerner's Permit] and I know that [it] is forged based on my training and experience as a police officer and the following observations of the permit: [t]he expiration year

1

of the permit and the top right corner of the permit has (sic) been altered by the defendant making it unreadable."

3. In fact, the expiration date of Xu's Pennsylvania learner's permit, which is located on the right side, clearly stated without any alternation "02 02 18." The alteration to Mr. Xu's Pennsylvania Lerner's Permit was on the top left of the learner's permit for dates listed under "DRIVER EXAM"

4. Upon being questioned by Police Officer Bozzo, Xu stated that the alternations to his Pennsylvania learner's permit were made by the Pennsylvania agency that oversees drivers and not by him, and furthermore the alterations involved the date of his driver exam, and not the date of expiration of the permit itself. According to the NYPD arrest paperwork, Xu told Police Officer Bozzo in sum and substance, "DMV gave the permit like this."

5. Despite, Xu's insistence the Pennsylvania agency made the change to his permit, which obviously was unrelated to the expiration of the permit, Police Officer Bozzo made no attempt to investigate. On the contrary, Police Officer Bozzo did not communicate the exculpatory statement to the District Attorney's Officer and he signed a criminal complaint under the penalty of perjury charging Xu with of Criminal Possession of a Forged Instrument in the Third Degree.

6. In addition, employees of the NYPD then prepared a series of false reports claiming Xu committed the crime of Criminal Possession of a Forged Instrument in the Third Degree, omitting overwhelming evidence that proved Xu was actually innocent. Police then forwarded those false reports to the New York County District Attorney's Office, convincing that Office to commence formal criminal proceedings against Xu.

7.     Months after Xu's arrest, with the assistance of defense counsel, the New York County District Attorney's Office investigated the criminal charge, discovered it was false and dismissed the case against Xu.  By then, however, Xu had spent time in police custody, was the subject of scorn and ridicule by his university classmates and feared that his student F-1 visa was in jeopardy of being cancelled.

8.     The unlawful conduct of the New York City Police Department violated New York and federal law and entitles Xu to compensatory and punitive damages under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

9.     This action arises under the U.S. Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331, 1343(3).

10.    Under 28 U.S.C § 1391(b) and (c), venue is proper in the Southern District of New York because Defendant City of New York resides in that Judicial District.

## PARTIES

11.    Plaintiff Yifei Xu ("PLAINTIFF") is present in the United States under a F-1 non-immigrant student visa and resides in the Commonwealth of Pennsylvania.  At all relevant times to this complaint, Plaintiff was a student Penn State Erie, The Behrund College.

12.    Defendant City Of New York ("City") is a municipal corporation within the State of New York.  Under § 431 of the New York City Charter, the City of New York established and maintains the New York City Police Department, a constituent department or agency.  At all relevant times, the City of New York employed the police personnel involved in the acts underlying this lawsuit.

13.     Defendants Joesph Bozzo ("PO Bozzo"), Sergeant Nicholas Gulotta ("Sgt. Gulotta") and John Doe #1 ("PO Doe") were at all times relevant to this complaint, duly appointed and acting police officers employed by the New York City Police Department and assigned to the 5th Police Precinct in Manhattan.

14.     At all times relevant to this complaint, defendants acted under the color of state law.

## FACTUAL BACKGROUND

**A.     Plaintiff Obtains a Learner's Permit in Pennsylvania**

15.     On February 2, 2017, Plaintiff obtained a learner's permit to drive from the Erie Driver License Center in Pennsylvania. As stated on the right side of the Plaintiff's learner's permit, the document expired one year later on February 2, 2018.

16.     On February 23, 2017, Plaintiff had an appointment for a driver exam, which is a requirement for a full driver's license. An employee the Erie Driver License Center stamped Plaintiffs's permit in the upper left corner on the first line under driver exam, however, the date was stamped in error as February 22, 2017. The employee the Erie Driver License Center adjusted the proper date of the stamping device and stamped February 23, 2017, on the second of three lines under driver exam. Because driver's license applicants have only three opportunities to pass the driver exam, the employee the Erie Driver License Center applied white out to the numerical date on the first line, writing "23" over "22," and then applied white out to the entire date, month, day and year, on the second line.

17.     The expiration date of the permit, which is located on the opposite side and on the bottom of Plaintiff's permit was not altered.

18. On June 5, 2017, Kara Templeton, Director of Bureau Driver Licensing for Pennsylvania Department of Transpiration, supplied defense counsel with a letter explaining the alterations to the permit.

### B. Plaintiff is Stopped and Arrested by PO Bozzo Despite Obvious Evidence of His Innocence

19. On March 8, 2017, at approximately 4:00 p.m. Plaintiff parked his car in a legal parking space front of 177 Mott Street in Manhattan.

20. Plaintiff was approached by PO Bozzo, Sgt. Gulotta and/or PO DOE 1, who asked for his identification. Plaintiff furnished the Police Officers with his driver's license from the People's Republic of China and the Pennsylvania learner's permit.

21. Defendants told Plaintiff that his driver's license from the People's Republic of China was fake; the license is in fact a valid.

22. Defendants told Plaintiff that his Pennsylvania learner's permit was forged because the expiration date was altered. Plaintiff explained that the alterations to the permit were made by an employee of the Erie Driver License Center, and in any event, the alternation was made under the driver exam date. Plaintiff explained that the permit's expiration date was not altered in any way.

23. Disregarding the obvious evidence and Plaintiff's explanation, Defendants placed Plaintiff under arrest.

### C. PO Bozzo's False Misdemeanor Complaint And False Submissions To The New York County District Attorney's Office

24. On March 22, 2017, PO Bozzo prepared a misdemeanor complaint charging Plaintiff with Criminal Possession of a Forged Instrument in the Third Degree, in violation of Penal Law § 170.20.  PO Bozzo's misdemeanor complaint alleges that Plaintiff "gave me a

5

forged Pennsylvania learner's permit." The complaint further alleges that PO Bozzo "examined the . . . learner's permit and [he] knows that the . . . learner's permit is forged based on [his] training and experience as a police officer and the following observations of the permit: The expiration year of the permit and the top right corner of the permit has been altered by the defendant making it unreadable." In truth, the alternation to the permit was not made to the expiration year of the permit and was not made by Plaintiff.

25. Thus, PO Bozzo negligently, recklessly, intentionally or with deliberate indifference, omitted from his misdemeanor complaint and upon information and belief, submissions to the New York County District Attorney's Office, that:

(a) The alternation to the learner's permit was unrelated to the expiration date;

(b) The alteration to the learner's permit was made under the heading "DRIVER EXAM"; and

(c) The alternation to the leaner's permit was on the left side where dates for the driver exam are located and not on the right side of the permit where the expiration date of the permit is stated.

26. PO Bozzo's misdemeanor complaint was false or misleading.

27. Upon information and belief, neither PO Bozzo or any other police officer or sergeant conveyed the above facts to the New York County District Attorney's Office.

28. Plaintiff was arraigned in New York City Criminal Court, New York County, on May 9, 2017, and released on his own recognizance. His case was adjourned to June 29, 2017, for defense motions, the People's response and the Court's decision.

**D.      The District Attorney Dismisses All Charges Against Plaintiff**

29. On June 5, 2017, Kara Templeton, Director of Bureau Driver Licensing for Pennsylvania Department of Transpiration, supplied defense counsel with a letter stating that

alternations to Plaintiff's permit were made by an employee at the Erie Driver License Center. As Ms. Templeton explained, on February 23, 2017, an employee of the Erie Driver License Center stamped PLAINTIFF's permit in the upper left corner with the date February 22, 2017. The employee the Erie Driver License Center adjusted the proper date of the stamping device and then stamped the correct date, February 23, 2017, on the second of three lines under driver exam. The employee the Erie Driver License Center, knowing that there are only three opportunities to pass the driver exam, applied white out to the numerical date on the first line, writing "23" over "22," and then applied white out to the entire date on the second line.

30. Defense counsel then supplied Ms. Templeton's letter to the New York County District Attorney's Office.

31. The New York County District Attorney's Office advanced Plaintiff's case for dismissal.

32. On June 9, 2017 Plaintiff's case was dismissed.

## FIRST CAUSE OF ACTION
**(False Arrest Under State Law; All Defendants)**

33. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 32 of this Complaint and incorporates them here.

34. Defendants, individually and acting in concert and/or aiding and abetting each other, intended to confine Plaintiff.

35. Plaintiff was conscious of that confinement and did not consent to it.

36. The confinement was not privileged, not supported by probable cause, and made in disregard of overwhelming evidence of Plaintiff's innocence. As a result of defendants' actions, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
**(Malicious Prosecution Under State Law; All Defendants)**

37.     Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 36 of this Complaint and incorporates them here.

38.     By virtue of the foregoing, defendants, acting in concert with and aiding and abetting each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

39.     The criminal proceedings terminated in Plaintiff's favor.

40.     There was no probable cause for the commencement or the continuation of the criminal proceedings.

41.     The defendants acted with actual malice.

42.     The City is liable for defendant's actions under the principle of *respondeat superior*.

## THIRD CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress Under State Law; All Defendants)**

43.     Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 42 of this Complaint and incorporates them here.

44.     Defendants engaged in a continuous pattern of extreme and outrageous conduct directed at Plaintiff until at least June 9, 2017, when the charges against Plaintiff were dismissed.

45.     Defendants engaged in that pattern of conduct with an intention to cause or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

46.     Specifically, defendants, individually and conspiring, acting in concert with and/or aiding and abetting one another and other persons for whose acts they are liable, created

8

false official records to be used against Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against Plaintiff while lacking probable cause to do so, and suppressed exculpatory material, from prosecutors charged with deciding whether to prosecute Plaintiff.

47. Plaintiff suffered severe emotional distress as a result of defendants' actions.

48. By virtue of the foregoing, Plaintiff suffered actual and special damages.

49. The City is liable for defendant's actions under the principle of *respondeat superior*.

## FIFTH CAUSE OF ACTION
**(Negligent Hiring, Training and Supervision; Defendant City of New York)**

50. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 49 of this Complaint and incorporates them here.

51. By virtue of the foregoing, defendant City of New York is liable to PLAINTIFF because of its intentional, deliberately indifferent, careless, reckless, and/or grossly negligent hiring, retention and supervision of its agents, servants and/or NYPD employees with regard to their duties, including:

   (a) the duty not to use false, misleading or unreliable evidence;

   (b) the continuing obligation to correct false, inaccurate, incomplete or misleading evidence and statements; and

   (c) the continuing duty to obtain, to preserve and to make timely disclosure to the appropriate parties, including the court and prosecutors, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected, accused or convicted of criminal conduct, including exculpatory evidence as well as evidence impeaching the credibility or undercutting the reliability of prosecution witnesses and including verbal as well as recorded information.

52. Policymaking and supervisory officials for the New York City Police Department and the City had legal and constitutional obligations to prevent their employees from violating the above duties.

53. Those policymakers and officials had knowledge and notice that adequate polices regarding hiring, retention and supervision were necessary with respect to rank and file police officers and their supervisors and that failing to implement such policies would result in the violation of the constitutional rights of individuals investigated and arrested by the NYPD

54. By virtue of the foregoing, Plaintiff suffered actual damages.

### EIGHTH CAUSE OF ACTION
**(42 U.S.C. §1983; Malicious Prosecution; Wrongful Arrest And Detention; Evidence Manufacturing; Denial of A Fair Trial; and Deprivation of Liberty Under the Fourth, Fifth, Sixth and Fourteenth Amendments; All Defendants)**

55. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 54 of this Complaint and incorporates them here.

56. Defendants, without probable cause and in disregard of overwhelming evidence of Plaintiff's innocence, wrongfully arrested and detained him at the scene and thereafter for assaulting Matias.

57. Moreover, defendants, in absence of probable cause for Plaintiff's continued seizure, continued the seizure by submitting the false criminal complaint to prosecutors and the New York County Criminal Court, which continued the charges against Plaintiff and his detention and/or seizure, requiring Plaintiff to repeatedly appear in court to defend against the charges over a period of several months.

58. PO Bozzo, acting in concert and aiding and abetting the other, created misdemeanor police and complaint reports omitting exculpatory information, and alleging Plaintiff criminally possessed a forged instrument.

59. The misleading information contained in those false reports and the information omitted from them, was likely to influence a jury's decision.

60. Those defendants then forwarded those reports to prosecutors who in turn relied on them to commence formal criminal proceedings against Plaintiff.

61. Defendants' actions deprived Plaintiff of his right to not be prosecuted on fabricated evidence and to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution

62. The individual defendants, by virtue of the foregoing, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

63. The criminal proceedings terminated in Plaintiff's favor.

64. There was no probable cause for the commencement or the continuation of the criminal proceedings.

65. The Defendants acted with actual malice.

66. The aforesaid conduct operated to deprive Plaintiff of his rights under the Constitution and the Laws of the United States:

   (a) Not to be arrested, prosecuted, detained or imprisoned based upon false, fabricated, manufactured, misleading or inherently unreliable "evidence," including false allegations in violation of the Fourth and Fourteenth Amendments and the Due Process and Fair Trial Clauses of the Fifth, Sixth and Fourteenth Amendments, to the U.S. Constitution; and

   (b) Not to be deprived of his liberty absent probable cause to believe he has committed a crime, in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

67. The foregoing violations of Plaintiff's federal constitutional rights by the defendants, together with their co-conspirators and accomplices, known and unknown, directly,

substantially, proximately and foreseeably caused the continuation of Plaintiff's malicious prosecution without probable cause and his other injuries and damages.

68. The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of state law and within the scope of the Defendants' employment and authority.

69. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently and/or with deliberate indifference to Plaintiff's constitutional rights which are protected by 42 U.S.C. § 1983.

70. By reason of the foregoing, the defendants are liable for damages.

## NINTH CAUSE OF ACTION
**(Failure To Intervene; 42 U.S.C. § 1983; Fourth, Fifth and Fourteenth Amendments; PO Bozzo, Sgt. Gulotta and/or PO Doe 1)**

71. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 70 of this Complaint and incorporates them here.

72. Defendants, who were present at the scene and had direct knowledge of the violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights through his wrongful arrest and detention and malicious prosecution, exhibited deliberate indifference and/or gross negligence concerning Plaintiff's rights by failing to intervene to prevent the violation of those rights by their peers and subordinates, even though they had legal and constitutional obligations to do so.

73. Rather than intervene, defendants directly participated in, ratified and aided and abetted, the violation of Plaintiff's constitutional rights as set forth above.

74. Each of the defendants had a realistic opportunity to intervene and prevent the harm Plaintiff suffered, a reasonable person in defendants' positions would know that

PLAINTIFF's rights were being violated and none of the defendants took reasonable steps to intervene.

75. The defendants, by virtue of the foregoing, are liable for damages.

## TENTH CAUSE OF ACTION

**Claim Under 42 U.S.C. § 1983 for Violative Policies, Practices and Procedures**

**(Against The City of New York and The New York City Police Department)**

76. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 75 of this Complaint and incorporates them here.

77. The City of New York and The New York City Police Department had in effect, both before and at the time of the events alleged in this complaint, policies, practices, procedures, and customs which operated to deprive Plaintiff of his constitutional rights.

78. The City of New York and The New York City Police Department are liable under 42 U.S.C. § 1983 because they established policies, practices, procedures, and customs that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Plaintiff and other similarly situated persons. At a minimum, the supervisors and the governmental units were deliberately indifferent to such constitutional violations.

## DAMAGES DEMAND

WHEREFORE, PLAINTIFF demands judgment against the defendants as follows:

a. For compensatory damages of not less than $500,000;

b. For punitive damages against the individual defendants of $1,000,000;

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

   d.  For pre-judgment interest as allowed by law; and

   e.  For such other and further relief as this Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised herein

DATED: New York, New York
     February 12, 2018


        /s/ Henry Bell

        Henry Bell, Esq.
        Bell Law PLLC
        747 Third Ave, Second Floor
        New York, NY 10017
        347-951-7743

        *Attorney For Plaintiff Yifei Xu*